UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| ROYNELL WELLS, | CIVIL ACTION |
| :-- | --: |
| Plaintiff | |
| VERSUS | NO. 18-5056 |
| OAKLEY TRUCKING, INC., | SECTION: "E"(3) |
| Defendant | |

## ORDER AND REASONS

Before the Court is a motion to remand filed by Plaintiff Roynell Wells.[1] Defendant Oakley Trucking, Inc. ("Oakley"), opposes the motion.[2] The Court has considered these briefs, the record, and the applicable law, and now issues its ruling. For the reasons stated herein, the motion to remand is **GRANTED**.

## BACKGROUND

On August 2, 2017, Wells filed a Petition for Damages in the 21st Judicial District Court for the Parish of Tangipahoa against Oakley.[3] Wells alleged injuries and damages arising out of an automobile accident that occurred on November 19, 2016, when a vehicle owned by Oakley and driven by its agent changed lanes, colliding with the vehicle in which Wells was traveling on I-12 in Hammond, Louisiana.[4] According to Wells, he suffered "severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems" and "physical impairment, discomfort mental anguish and distress."[5] Wells further alleges that "[i]n all reasonable probability, [his] physical pain, physical impairment and mental anguish will continue indefinitely."[6]

---

[1] R. Doc. 10.
[2] R. Docs. 12, 15.
[3] R. Doc. 1-3 at 1.
[4] *Id.* at ¶ 3.
[5] *Id.* at ¶ 6.
[6] *Id.*

1

On May 18, 2018, Oakley filed a Notice of Removal, arguing that this Court has diversity subject-matter jurisdiction over the action under 28 U.S.C. § 1332.[7] Oakley noted that complete diversity of citizenship is present, as Wells is a citizen and domiciliary of Louisiana and Oakley is a foreign corporation incorporated under the laws of Arkansas with its principal place of business in Arkansas.[8]

Oakley further argued in the Notice of Removal that it was served with Wells' petition on August 15, 2017,[9] but that it did not became apparent that the requisite $75,000 amount-in-controversy requirement of Section 1332 was satisfied until April 20, 2018.[10] Specifically, Oakley asserted that, although it received discovery responses including some of Wells' medical records on December 21, 2017,[11] those documents did not place it on notice that the amount in controversy in this case exceeded $75,000. Rather, Oakley argues it was not put on notice until April 20, 2018 when it received medical records indicating that "Plaintiff has been recommended sets of epidural steroid injections in his lumbar and cervical spine, as treatment for a right sided L5-S1 herniated disc and C6-7 disc pathology,"[12] Oakley also argues that "[t]hese records recommending injection therapy were not included in medical records provided in the earlier discovery responses."[13] Thus, Oakley submits, "Receipt of the recent medicals was the first time Defendant was placed on notice that the amount in controversy in this matter exceeds $75,000."[14]

---

[7] R. Doc. 1.
[8] *Id.* at ¶ IV.
[9] *Id.* at ¶ VI.
[10] *Id.* at ¶¶ IX, X.
[11] R. Doc. 10-6.
[12] R. Doc. 1 at ¶ X (citing R. Docs. 1-4, 1-5).
[13] *Id.*
[14] *Id.*

On June 25, 2018, Wells filed the present motion to remand.[15] Wells does not contest the presence of complete diversity of citizenship, nor does he argue the amount in controversy is not met.[16] Rather, Wells challenges whether removal was timely, arguing the medical records he provided to Oakley on December 21, 2017, constitute "other paper" from which Oakley could have ascertained the case was removable.[17] It is this motion to remand that is presently before the Court.

## **LEGAL STANDARD**

Federal courts are courts of limited jurisdiction and possess only the authority conferred upon them by the U.S. Constitution or by Congress.[18] "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[19] Federal law allows for state civil suits to be removed to federal courts in certain instances.[20] Generally, removal jurisdiction is governed by 28 U.S.C. § 1441(a), which provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.[21]

Both parties agree that the requirements for diversity jurisdiction exist in this case.[22] What the parties do not agree on, however, and what Wells' motion to remand concerns, is whether Oakley timely removed the case to federal court pursuant to 28 U.S.C. § 1446(b). Section 1446(b) provides in pertinent part:

---

[15] R. Doc. 10.
[16] *Id.*
[17] *Id.*
[18] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[19] *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[20] *See* 28 U.S.C. § 1441.
[21] *Id.* § 1441(a).
[22] 28 U.S.C. § 1332(a).

> [the] notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.[23]

It is clear that Section 1446(b)'s first paragraph does not apply in this case, as Wells' state court petition does not allege facts sufficient to place Oakley on notice that the case was removable.[24] The second paragraph of § 1446(b) requires that the defendant remove the case, if at all, within 30 days after receipt of "other paper" from which the defendant may first ascertain that the case is removable.[25] In this case, Wells argues the discovery responses he provided Oakley on December 21, 2017 constitute "other paper," and that, from these records, Oakley should have ascertained the amount in controversy in this cases exceeds $75,000. The Court agrees with Wells.

In his petition for damages, Wells requests special damages under Louisiana law, as well as general damages for pain and suffering, mental anguish, and lost wages.[26] In the discovery responses Wells provided Oakley in December 2017, he asserted he has "lost approximately 1760 hours of work" as a result of his accident, and that his rate of pay is $13.00 per hour, totaling past lost wages in the amount of $22,880.[27] In addition to his lost wage claim, in his December 21, 2018 discovery responses Wells provided Oakley with a comprehensive list of his medical issues, which include: (1) post-traumatic stress disorder, for which he was referred for a psychiatric evaluation and for which he had

---

[23] 28 U.S.C. § 1446(b).
[24] *See generally* R. Doc. 1-3 at ¶ 7.
[25] 28 U.S.C. § 1446(b); *see Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992).
[26] R. Doc. 1-3.
[27] R. Doc. 10-6 at 10.

4

received treatment though the Louisiana Department of Health;[28] (2) headaches;[29] (3) neck and back pain, which was not improving with conservative treatment;[30] (4) moderate degenerative disc disorder at C5-6;[31] (5) right C3-4 and C4-5 herniated discs;[32] (6) a C6-7 protrusion;[33] (7) pain radiating down left leg;[34] and (8) sciatica.[35] From this information, Oakley could have, and should have, ascertained that the case was removable to this Court, even without a surgery recommendation.[36]

Courts have awarded general damages to plaintiffs who had cervical and lumbar injuries of the nature alleged by Wells, without surgeries, in amounts equal to or exceeding $75,000.[37] In this case, not only does Wells seek general damages as a result of his accident, he also seeks special damages in the form of his past lost wage claim—which the Court has already noted totals $22,880—and his past and future medical expenses.[38]

Given the record before the Court, including Wells' state court petition, the briefing of the parties, and the applicable jurisprudence, the Court concludes Wells' December 21, 2017 discovery responses constitute "other paper" from which Oakley should have

---

[28] *Id.* at 10, 13, 36.
[29] *Id.* at 10, 35, 40, 45, 49, 52, 53.
[30] *Id.* at 10, 36, 70–74.
[31] *Id.* at 21, 29.
[32] *Id.* at 21, 29, 53.
[33] *Id.* at 53.
[34] *Id.* at 70.
[35] *Id.* at 72–74.
[36] *See Thomas v. Louis Dreyfus Commodities, LLC*, No. 15-394, 2016 WL 1317937, at *5 (M.D. La. Mar. 11, 2016) (discussing cases in which federal jurisdiction existed when there were herniated discs even without a surgery recommendation).
[37] *See, e.g., Collier v. Benedetto*, 897 So. 2d 775, 780 (La. App. 5 Cir. 2005) (adjusting award of general damages from $50,000 to $75,000 where plaintiff in automobile accident, who declined surgery, "sustained injuries to his back, neck, knee, thigh and shoulder, a small right disc protrusion at C5–C6, and cervical and lumbar muscle strains" and was awarded just $5,718.75 in medical expenses); *Perez v. State ex rel. Crescent City Connection, Div. of Dep't of Transp. & Dev.*, 753 So. 2d 913, 914–15 (La. App. 4 Cir. 2000) (affirming award of $150,000 in general damages where plaintiff was not recommended for, and did not have, surgery for bulging cervical, thoracic, and lumbar strains and bulging discs, as well as post-traumatic headaches, and incurred past medical expenses of just over $27,000); *Wehbe v. Waguespack*, 720 So. 2d 1267, 1270–72 (La. App. 5 Cir. 1998) (affirming award of "$185,000.00 for general damages for a herniated C3–4 disc without surgery and aggravation of pre-existing degenerative lumbar spine disease without any disc herniation" where plaintiff incurred past medical expenses of $6,590).
[38] R. Doc. 10-6 at 10.

ascertained the amount in controversy exceeded $75,000. Because Oakley did not file its notice of removal until May 18, 2018—148 days after it should have known the case was removable—Oakley's removal was untimely. As a result, the Court will grant Wells' motion to remand.

Accordingly;

## **CONCLUSION**

**IT IS ORDERED** that Plaintiff Roynell Wells' motion to remand is **GRANTED**.[39]

**IT IS FURTHER ORDERED** that this case be and hereby is **REMANDED** to the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana.

**New Orleans, Louisiana, this 1st day of August, 2018.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[39] R. Doc. 10.